UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

GARY PALMER                                           JURY TRIAL DEMANDED

v.                                                    CASE NO.  3:11CV

CAROLYN M. FUTTNER
BENJAMIN S. MORRIS
CUDA & ASSOCIATES, LLC

COMPLAINT

1. Plaintiff seeks relief pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, the Connecticut Creditor's Collection Practices Act ("CCPA"), and the Connecticut Unfair Trade Practices Act.

2. The Court has jurisdiction. 15 U.S.C. § 1692k; 28 U.S.C. §1331, § 1367.

3. Defendant CUDA is a Connecticut corporation; the individual defendants are Connecticut lawyers.

4. Plaintiff was the holder of a personal credit card.

5. Defendant CUDA is in the business of purchasing defaulted consumer debt and collecting thereon using the mails and means of interstate commerce.

6. Defendant CUDA claimed to have purchased plaintiff's credit card account.

7. Default judgment in favor of CUDA entered against plaintiff on November 29, 2010, in Connecticut Superior Court, Stamford CT.

8. On January 13, 2011, in the Connecticut Superior Court action, Defendant Morris filed an application for Financial Institution Execution with the court on behalf of Defendant CUDA, which the clerk granted and issued on January 19, 2011.

9. The execution was not served on plaintiff's bank until on or about June 15, 2011.

10. Plaintiff claimed an exemption and was granted $1,000.

11. The amount recovered on the June execution was $8,832, inclusive of marshal fees.

12. Connecticut Marshal Winthrop W. Fry returned the execution to defendants as partially satisfied.

13. The Financial Institution Execution expired, by its own terms, and by operation of law, not later than forty-five days from the initial receipt by the serving officer of such execution. Conn. Gen. Stat. 52-367b(b).

14. Thereafter, on or about September 20, 2011, Defendants directed Marshal Fry to serve the same execution again, without regard to its expired status or partial satisfaction, which he did on or about October 14, 2011.

15. Plaintiff again claimed an exemption and moved to vacate the execution due to the expired / void status of the execution, so that he could recover the moneys and the bank fee.

16. Defendant Futtner blocked plaintiff's claim by repeatedly informing the court that the motions were moot due to the voluntary return of funds.

17. Because the execution was not vacated, plaintiff did not recover the execution fee charged by the bank.

18. Defendants have a pattern and practice of re-issuing already served executions that can be issued only by the clerk of the court. Conn. Gen. Stat. §51-52; §52-367a; Conn. Practice Book § 7-2.

FIRST COUNT

19. In the collection efforts within one year prior to the date of this action, defendants violated the FDCPA, § 1692d, -e, or –f(1).

SECOND COUNT

20. In the collection efforts within one year prior to the date of this action, defendant CUDA violated the CCPA and CUTPA by the actions described above.

WHEREFORE plaintiff respectfully requests this Court to:

1. Award plaintiff such damages as are permitted by law, including $1,000 statutory damages against each defendant under the FDCPA, plus $1,000 statutory damages against defendant CUDA under the CCPA, and punitive damages against defendant CUDA under CUTPA.

2. Award the plaintiff costs of suit and a reasonable attorney's fee.

3. Award such other and further relief as law or equity may provide.

THE PLAINTIFF

BY __/s/ Joanne S. Faulkner__
JOANNE S. FAULKNER ct04137
123 AVON STREET
NEW HAVEN, CT 06511-2422
(203) 772-0395
faulknerlawoffice@snet.net