UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

GARY PALMER,
    Plaintiff,

v.

CAROLYN M. FUTTNER, ESTATE OF
BENJAMIN S. MORRIS, CUDA &
ASSOCIATES, LLC,
    Defendants.

No. 3:12-cv-00034 (SRU)

### RULING ON PLAINTIFF'S MOTION FOR ATTORNEYS' FEES

Plaintiff Gary Palmer ("Palmer") has moved for an award of fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k(a)(3) ("FDCPA"), in the amount of $29,304 in fees and $788.35 in costs. The total amount sought is $30,092.35. For the reasons set forth below, Palmer's motion is **GRANTED**, but the amount awarded is reduced.

**I.    Discussion**

The FDCPA provides for an award of costs and "a reasonable attorney's fee as determined by the court" in the case of any successful action to enforce liability under the FDCPA. An award of fees to a prevailing plaintiff on an FDCPA claim is mandatory, even if the plaintiff is not entitled to actual or statutory damages. *Saviano v. Computer Credit*, *Inc.*, 164 F.3d 81, 87 (2d Cir. 1998). When determining attorneys' fees, district courts should:

> bear in mind *all* of the case-specific variables that we and other courts have identified as relevant to the reasonableness of attorney's fees in setting a reasonable hourly rate. The reasonable hourly rate is the rate a paying client would be willing to pay. In determining what rate a paying client would be willing to pay, the district court should consider, among others, the *Johnson* factors; it should also bear in mind that a reasonable, paying client wishes to spend the minimum necessary to litigate the case effectively. The district court should also consider that such an individual might be able to negotiate with his or her attorneys, using their desire to obtain the reputational benefits that might accrue from

1

being associated with the case. The district court should then use that reasonable hourly rate to calculate what can properly be termed the "presumptively reasonable fee."

*Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany & Albany Cnty. Bd. of Elections*, 522 F.3d 182, 190 (2d Cir. 2008).[1]  Thus, to calculate a presumptively reasonable fee, the court must multiply the reasonable hourly rate by the number of hours reasonably expended and adjust that amount to arrive at the final fee award and use the *Arbor Hill/Johnson* factors to analyze the reasonableness of that award.  *See Silver v. Law Offices Howard Lee Schiff, P.C.*, 2010 WL 5140851, at *1 (D. Conn. Dec. 16, 2010).  The court may also adjust that fee based on the success of the prevailing party.  *Id.* (citing *Adorno v. Port Authority of New York and New Jersey*, 685 F. Supp. 2d 507, 511 (S.D.N.Y. 2010); *Barfield v. N.Y. City Health & Hosps. Corp.*, 537 F.3d 123, 151 (2d Cir. 2008)).

    A.  <u>Reasonableness of the Hourly Rate</u>

Plaintiff's counsel, Joanne Faulkner, has requested a fee award of $29,304 based upon an hourly rate of $400 per hour of work.  The defendants do not contest the hourly rate's reasonableness.  The court, however, is not satisfied that $400.00 is a reasonable hourly rate. Although Attorney Faulkner has over 35 years' experience litigating consumer matters and is a nationally-recognized expert on these matters, taking into account the *Arbor Hill/Johnson* factors, I find that a more reasonable hourly rate is $350.00 per hour.   The time and labor required, the novelty and difficulty of the questions, and the level of skill required to perform the

---

[1] The twelve *Johnson* factors are: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the level of skill required to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the attorneys' customary hourly rates; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved in the case and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Arbor Hill*, 522 F.3d at 186 n.3 (citing *Johnson v. Georgia Highway Exp., Inc.*, 488 F.2d 714 (5th Cir. 1974)).

legal service properly, were not high enough to justify a departure from rates she has previously received, especially in this situation, where Attorney Faulkner was litigating virtually identical claims simultaneously.  *See Dina v. Cuda*, No. 3:12-cv-00523-JCH ("*Dina*"), and *Rousseau v. Morris, et al.,* No. 3:11-cv-01794-SRU, No. 3:11-cv-01794-SRU ("*Rousseau*").[2]

    B.  <u>Reasonableness of the Hours Spent</u>

Defendants challenge Faulkner's requested number of hours, which they argue are unreasonable because Faulkner did not prevail on every count in the action, and because the work required to prevail in this action overlapped with work in two nearly identical matters.

Defendants argue that Attorney Faulkner's fee request should be reduced because the CUTPA count of her complaint was dismissed and, therefore, she is not entitled to fees expended in pursuing that claim.  Although it may be appropriate to reduce a fee award if the relief is "limited in comparison to the scope of the litigation as a whole," *Hensley v. Eckerhart*, 461 U.S. 424, 440 (1983), the court is directed to determine whether the party seeking fees failed to prevail on claims unrelated to the successful claims and, if not, the court should consider whether the party's success justifies the hours reasonably expended on the litigation, *id.* at 434.  An

---

[2] I do not take issue with the hourly rate awarded in *Dina*.  The rate of $350.00 per hour falls within the range of awards Attorney Faulkner has received previously and is reflective of prevailing market rates for similar legal services.  *See, e.g.*, *Cabala v. Morris*, 2012 WL 3656364 (D. Conn. Aug. 24, 2012) (FDCPA action in which Attorney Faulkner was awarded $32,489.29 inclusive of fees and costs at $350) (citations omitted).  And, although "[o]verhead is not a valid reason for why certain attorneys should be awarded a higher or lower hourly rate. . . , [it] helps account for why some attorneys charge more for their services." *McDonald ex rel Prendergast v. Pension Plan of the NYSA-ILA Pension Trust Fund*, 450 F.3d 91, 98 n.6 (2d Cir. 2006).  Thus, it is appropriate to compare Attorney Faulkner's requested hourly rate of $400 to the published hourly billing rates of the Connecticut private counsel Attorney Faulkner provided in her affidavit, *see* Faulkner Aff. at ¶ 13, and to reduce her requested hourly rate based on the size and nature of the comparators' law practices.  In this case, each of the comparators practices law in larger, firm settings.  Further, the published hourly rates of counsel may not accurately reflect the rate actually received for legal services.  Please note that my reduction of the rate request has no bearing on my view of the relative skill, expertise, or reputation of Attorney Faulkner and her comparators.

unsuccessful claim for relief is unrelated to a successful claim if the respective claims were based on different facts or legal theories. *Id.* at 434-35.

The counts here, as in *Dina* and *Rousseau*, arose from the same course of conduct: defendants' issuance of an invalid bank execution to collect a judgment against Palmer. Palmer's CUTPA claim, premised on the alleged use of a recycled financial institution execution to collect an amount not owed to the defendants, did not survive defendants' motion for summary judgment, and was identical to his FDCPA and CCPA claims, which were successful. Accordingly, the claims are related.  The defendants argue that Palmer dedicated a significant and improper amount of his argument in his summary judgment motion to the CUTPA claim, but has presented no evidence showing fees associated with the time spent on this aspect of the summary judgment motion.

Defendants also argue that Attorney Faulkner's fees should be reduced because she simultaneously pursued virtually identical actions involving a single legal theory.  Specifically, defendants argue that "[i]t is unreasonable that Attorney Faulkner seeks approximately $75,000.00 in attorney's fees for what amounts to a single Complaint in six separate actions relating to a single discreet legal issue of statutory construction." Defs.' Br. in Opp'n to Mot. for Attys.' Fees (doc. 66), at 13.[3]  As U.S. District Judge Janet C. Hall noted in her decision on a similar opposition to Attorney's Faulkner's application for fees in *Dina*, and plaintiff argues in her reply brief, there is no legal authority for reducing attorneys' fees based on other similar cases filed by the counsel seeking fees.  Also, defendants' protestation that at least three of these actions are virtually identical falls on deaf ears—defense counsel appears to have refused to

---

[3] The six separate actions defendants refer include: this action; *Rousseau v. Morris, et al.*, No. 3:11-cv-01794-SRU; *CUDA & Associates, LLC, et al.*, No. 3:12-cv-00034-SRU; (3) *Palmer v. Fry*, No. 3:12-cv-170-WWE; *Rousseau v. Fry*, No. 3: 12-cv-00516-RNC; *Dina v. Fry*, No. 3:12-cv-00522-WWE; and *Dina v. CUDA & Associates, LLC*, No. 3:l2-cv-00523-JCH.

consolidate the actions.  *See* Pl.'s Rep. at 4.  It should not now protest that the plaintiff filed multiple fee applications for each of the actions.

Accordingly, I deny defendants' request for a reduction of Attorney Faulkner's chargeable hours, either on the ground of defendants' successful defense of its CUTPA claim or plaintiff's allegedly duplicative work.

### III. Conclusion

For the reasons stated above, I approve Attorney Faulkner's request for fees as follows: Attorney Faulkner is entitled to an hourly rate of $350 for all of the claimed 73.51 hours.  No overall percentage reduction is warranted for the reasons discussed above.  At $350 per hour, the 73.51 hours result in a fee award of $25,728.50, which, combined with $788.35 in costs,[4] results in an overall award of $26,516.85.

It is so ordered.

Dated at Bridgeport, Connecticut, this 11th day of March 2014.

/s/ Stefan R. Underhill\_\_\_\_
Stefan R. Underhill
United States District Judge

---

[4] The defendants do not dispute the reasonableness of Attorney Faulkner's claimed costs, which include a filing fee of $350.00 and $438.35 in other expenses.